UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROOKDALE INN AND SPA DBA BROOKDALE LODGE, a California limited liability company, SANJIV KAKKAR, an individual, and NEELAM KAKKAR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS, LONDON, a corporation of England and Wales, and DOES 1-25,<br><br>Defendants. | Case No.: 5:13-CV-02559-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**<br><br>[Re: Docket No. 6] |

Presently before the Court in this action for insurance benefits are Certain Underwriters at Lloyd's, London's ("Defendant") Motion to Compel Arbitration, Motion to Stay Proceedings, and Motion to Dismiss. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Having fully reviewed the parties' briefings, the Court GRANTS Defendant's Motion to Compel

1

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

Arbitration, GRANTS Defendant's Motion to Stay Proceedings, and DENIES Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiffs Sanjiv Kakkar and Neelam Kakkar, at all relevant times, have been officers and directors of Plaintiff Brookdale Inn and Spa, d.b.a. Brookdale Lodge. Plaintiffs purchased from Defendant an insurance certificate ("the Policy") which was in effect from December 20, 2010 to December 20, 2011. Plaintiffs allege that the Policy was intended to provide property, casualty, business interruption, and other coverage relating to certain property located in Brookdale, CA. On or about January 3, 2011, a windstorm caused physical damage to the property, and Plaintiffs requested that Defendant provide benefits allegedly due under the Policy. The parties disagreed as to whether Defendant fulfilled its obligations under the Policy, and on or about August 31, 2012, Defendant formally demanded that Plaintiffs submitted the dispute to arbitration pursuant to the arbitration clause contained in the Policy. Although Plaintiffs initially assented to arbitration, the parties disagreed as to whether the outcome of arbitration would be binding.

Plaintiffs filed a complaint against Defendant in the Superior Court of California for the County of Santa Cruz on May 8, 2013, asserting breach of contract and breach of the implied covenant of good faith and fair dealing. On June 7, 2013, Defendant removed the action to the United States District Court for the Northern District of California. On June 11, 2013, Defendant filed the instant motions.

## II. LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), codified in 9 U.S.C. §§ 201–208 ("Convention Act"), provides for the recognition of arbitration agreements made between American citizens and citizens of foreign states. In deciding a motion to compel arbitration under the Convention Act, a court conducts "a very limited inquiry." Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002). A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, Std. Bent Glass Corp. v. Glassrobots Oy, 333 F.3d 440, 449 (3d Cir. 2003); or (2) one of the Convention's

2

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

affirmative defenses applies. DiMercurio v. Sphere Drake Ins., PLC, 202 F.3d 71, 79 (1st Cir. 2000); see also Czarina, L.L.C. v. W.F. Poe Syndicate, 358 F.3d 1286, 1292 n. 3 (11th Cir. 2004) ("jurisdictional prerequisites to an action confirming an award are different from the several affirmative defenses to confirmation").

The four jurisdictional prerequisites are that (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. Std. Bent Glass Corp., 333 F.3d at 449.

**III. DISCUSSION**

Plaintiffs do not dispute whether the four jurisdictional prerequisites of the Convention are met. The Court finds that they are. The Policy's arbitration clause is an agreement in writing between the parties which provides for arbitration in the United States, the agreement arises out of a commercial contractual relationship between the parties, and Defendants are, as alleged by Plaintiffs, citizens of England and Wales.

Plaintiffs also do not dispute that the claims at issue are outside the scope of the arbitration clause, but rather contend that Defendant's Motion to Compel Arbitration should be denied because the arbitration clause is unconscionable and therefore unenforceable. Defendant argues that the arbitration clause is not unconscionable, and that even if it is, unconscionability is not a valid defense to the enforcement of an arbitration agreement subject to the Convention.

### a. Whether the Convention bars the Court from enforcing unconscionable arbitration clauses

The Convention has a savings clause that allows a party to avoid arbitration if the agreement to arbitrate is "null and void." Convention, art. II(3). The parties dispute whether unconscionability renders an agreement null and void within the meaning of the Convention. Although none of the cases are precisely on point, Defendant relies on Rogers v. Royal Caribbean

3

Cruise Line, 547 F.3d 1148, 1158 (9th Cir. 2008) for the proposition that certain exemptions to arbitration existing within the FAA do not apply when such exemptions or defenses conflict with the Convention. However, the Rogers court did not reach the question of whether unconscionability is a valid defense to enforcement under the Convention, leaving it unanswered because the arbitration agreement was not unconscionable.

As none of the decisions appear to be precisely on point, the Court finds it appropriate to leave the question unsettled because, even assuming that state law unconscionability renders an agreement null and void under the Convention, Plaintiffs have not met their burden of establishing that the arbitration clause at issue in this case is unconscionable.

### b. Whether the arbitration agreement between the parties is unconscionable

#### i. Unconscionability generally

A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract. Cal. Civ. Proc. Code § 1281. Because unconscionability is a reason for refusing to enforce contracts generally, it is also a valid reason for refusing to enforce an arbitration agreement. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000).

Unconscionability is a question of law for the court. Cal. Civ. Code § 1670.5; Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 480 (2006). Unconscionability has both procedural and substantive elements, and both must appear for a court to invalidate a contract or one of its individual terms. Armendariz, 24 Cal. 4th at 114. But they need not be present in the same degree. Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves. Id. (internal quotation marks and citations omitted).

"[A] party opposing the petition [to compel] arbitration bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." Guiliano v. Inland Empire Personnel, Inc., 149 Cal. App. 4th 1276, 1284 (2007).

4
Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

### ii. Procedural unconscionability

Procedural unconscionability pertains to the making of the agreement; it focuses on the oppression that arises from unequal bargaining power and the surprise to the weaker party that results from hidden terms or the lack of informed choice. Dotson v. Amgen, Inc., 181 Cal. App. 4th 975, 980 (2010). A procedural unconscionability analysis typically focuses on two factors: oppression and surprise by the party contesting the agreement. Bruni v. Didion, 160 Cal. App. 4th 1272, 1288 (2008).

#### 1. Oppression

To demonstrate procedural unconscionability, Plaintiffs first allege that the arbitration clause is oppressive because it is an adhesive contract that Plaintiffs had no opportunity to negotiate. Defendant does not deny that the contract is adhesive but instead argues that the fact that a contract is adhesive does not by itself establish unconscionability.

Although contracts of adhesion often prove procedurally unconscionable, there is no automatic rule forbidding adhesion contracts on unconscionability grounds. NS Holdings LLC Inc. v. Am. Int'l Grp. Inc., 2010 WL 4718895, at *4 (C.D. Cal. Nov. 15, 2010). In particular, "there can be no oppression establishing procedural unconscionability, even assuming unequal bargaining power and an adhesion contract, when the customer has meaningful choices." Id. (quoting Wayne, 135 Cal. App. 4th at 482). In NS Holdings, another case discussing the alleged unconscionability of an arbitration clause in an adhesive insurance contract, the plaintiff failed to establish that an arbitration provision was oppressive because the plaintiff did not allege that a choice of insurance carriers did not exist. Here, Plaintiffs do not allege that they lacked meaningful choices. Plaintiffs point out that the absence of reasonable market alternatives has "no bearing on whether a contract is adhesive." Bruni, 160 Cal. App. 4th at 1294. This point, however, pertains only to the issue of whether the contract is adhesive and not to whether the arbitration clause is unconscionable.

Because Plaintiffs do not appear to have had an opportunity to negotiate or opt out of the arbitration clause, the Court finds that there is at least some amount of procedural

5

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

unconscionability present, although this finding is somewhat undercut by the fact that Plaintiffs did not allege a lack of reasonable market alternatives.

### 2.  Surprise

#### a.  Surprise resulting from hidden terms

Plaintiffs also allege that the arbitration clause is surprising because it is hidden in a "prolix" printed form, does not stand out from the rest of the contract, and is not readily noticeable. Plaintiffs point to three cases where arbitration clauses were found to be unconscionable surprises. The Court has reviewed each case and finds them all inapposite.

In Bruni, the court found surprise when arbitration provisions were contained in one page of a 30-page booklet and not distinguished from the rest of the booklet by either bolding or capitalization. However, the Bruni court found it "most important" that the plaintiffs were not required to sign or initial the booklet or the arbitration provisions, rather, the plaintiffs were only asked to sign a separate one-page application. Id. at 1293. The booklet, in turn, was buried in a stack of purchase and sale documents. Furthermore, some of the plaintiffs did not receive the booklet until after they had signed the whole stack of documents. Here, Plaintiffs do not dispute that they signed the insurance contract, nor do they allege that they were unable to read the arbitration clause before they signed the contract.

In Zembsch v. Superior Court, 146 Cal. App. 4th 153, 164 (2006), the court invalidated an arbitration clause that was printed in the same font as most of the form, not bolded, underlined or italicized, not indented, and second of two single-spaced paragraphs of small, condensed type. However, the clause in Zembsch was analyzed in the context of Cal. Health & Safety Code § 1363.1 (and the case law interpreting that statute), which requires that arbitration disclosures in health care service plans be "prominently displayed." The Court finds no reason to import this analysis into the current dispute.

In Sparks v. Vista Del Mar Child & Family Servs., 207 Cal. App. 4th 1511, 1522 (2012), a boilerplate arbitration clause contained on page 20 of a 60-page employee handbook was found unenforceable. However, the court found that the handbook was not a contract and that the

6

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

agreement to arbitrate was illusory because the employer could unilaterally modify the handbook. Although the court in Sparks also found the arbitration clause to be both substantively and procedurally unconscionable, the fact that the clause was buried in the handbook was not cited as a reason why the clause was unconscionable. Id. at 1523.  Here, there is no dispute that the insurance policy was a contract between Plaintiffs and Defendant.

The fact that the above three cases are not fully on point does not necessarily mean that the instant arbitration clause is not surprising or otherwise unconscionable.  However, the Court has reviewed the Policy and finds the arbitration clause neither surprising nor hidden.  The arbitration clause appears on page 12[1] of 34 and is printed in the same font as most of the rest of the text.  The arbitration clause is number 12 in a list of other contract provisions and appears between "11) SALVAGE AND RECOVERIES" and "13) SUIT LIMITATION CLAUSE."  The arbitration clause uses the same formatting scheme (font, bolding, and capitalization) as do the other contractual provisions appearing in this list.  The arbitration clause is no more or less prominent than the other contractual terms appearing in the list in which the arbitration clause is contained.

### b. Surprise resulting from lack of informed choice

Next, Plaintiffs argue that surprise due to lack of informed choice is established because Defendant did not specifically explain the disadvantages of arbitration to Plaintiffs and because Defendant failed to explain that state arbitration was a potential alternative to federal arbitration.

Plaintiffs rely on Gentry v. Superior Court, 42 Cal. 4th 443 (2007) for the proposition that Defendant had the duty to specifically explain the disadvantages of arbitration to Plaintiffs.  In Gentry, an employee, shortly after being hired by Circuit City, was given a choice to opt out of Circuit City's arbitration agreement. Id. at 451.  The employee was given materials purporting to describe the advantages and disadvantages of arbitration generally, but the materials failed to mention many of the more significant disadvantages of Circuit City's particular arbitration agreement.  The California Supreme Court found that the employee's failure to opt out of the

---

[1] Plaintiffs allege that the arbitration clause appears on page 14.  However, the Court has reviewed the policy, as attached to Plaintiffs' opposition brief, and notes that the arbitration clause actually appears on page 12.  In any event, this distinction has no influence on the Court's decision.

7

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

arbitration agreement was not an "authentic informed choice" because the materials gave a "highly distorted picture of the arbitration Circuit City was offering." Id. at 470-471. In addition, the California Supreme Court found that there was at least some pressure on the employee not to opt out because the materials made it clear that Circuit City preferred that the employee participate in the arbitration program. Id. at 471-472. As a result of these two factors, the California Supreme Court concluded that the arbitration agreement "was, at the very least, not entirely free from procedural unconscionability."

Gentry is readily distinguishable from the instant facts. Defendant made no representations as to the advantages of arbitration such that Plaintiffs would have received a "highly distorted picture" of arbitration. Furthermore, in Gentry the employee was at least somewhat pressured not to opt out because of the economic power an employer wields over an employee. Id. at 472. That pressure is absent here because the relationship between the seller of a service and the buyer of a service is significantly different from the relationship between an employer and an employee.

Because there is nothing in the record indicating that Plaintiffs were misled into believing that arbitration was more advantageous than it is in reality, the Court finds that Defendant's failure to explain the disadvantages of arbitration to Plaintiffs does not contribute anything to the "amount" of procedural unconscionability in the Policy's arbitration clause.

Plaintiffs also contend that surprise resulting from lack of informed choice exists because Defendant failed to explain that "state arbitration law is an alternative that provides the insured with broader protection than federal law Defendant did not identify anywhere in the Policy but seeks to enforce here," citing Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008) and Cable Connection, Inc. v. DIRECTV, Inc., 44 Cal. 4th 1334 (2008). Pl.'s Opp. Brief at 7. Hall Street held that the Federal Arbitration Act ("FAA"; 9 U.S.C. § 1 et seq.) does not permit the parties to expand by agreement the scope of judicial review of an arbitration award. In Cable Connection, the California Supreme Court examined Hall Street and concluded that Hall Street's holding is restricted to proceedings to review arbitration awards under the FAA and does not require state law to conform with its limitations. Thus, FAA provisions are not controlling on

8

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

judicial review of arbitration awards under the California Arbitration Act (Code Civ. Proc., § 1280 et seq.).

However, nothing in either of these cases suggests that, in order to make an "informed choice" under the law of unconscionability, a party must be aware that the scope of judicial review of arbitration awards under California law is potentially wider than the scope of judicial review of arbitration awards under the FAA.  Thus, the Court finds that Defendant's failure to explain that state arbitration law provides broader protection to the insured has no impact on the procedural unconscionability analysis.

### iii. Substantive unconscionability

Substantive unconscionability exists where terms unreasonably favor one party, creating "overly harsh" results that "shock the conscience."  Bruni, 160 Cal. App. 4th at 1289.  Plaintiffs contend that the arbitration clause is substantively unconscionable because Plaintiffs are required to pay a fee to arbitrate and because arbitrators often favor the insurer.  Although the second contention is plausible, Plaintiffs have cited no authority for why it should render the instant arbitration clause substantively unconscionable.

Plaintiffs' first argument is based on a line of cases establishing that an arbitration agreement that requires employees to pay a fee to initiate an arbitrate proceeding is substantively unconscionable.  In Raymundo v. ACS State & Local Solutions, Inc., 2013 WL 2153691 (N.D. Cal. May 16, 2013) and Circuit City Stores, Inc. v. Mantor, 335 F.3d 1101 (9th Cir. 2003), arbitration agreements requiring employees to pay a fee to initiate arbitration ($100 and $75, respectively) were found improperly one-sided, and therefore, substantively unconscionable.

The Court notes that Plaintiffs may have confused the distinct and separate issues of requiring a party to pay a fee to initiate an arbitration proceeding and requiring a party to share equally in the costs of arbitration.[2]  In Raymundo and Mantor, the $100 and $75 fees were found unconscionably one-sided because only the employee was required to bear them.  Here, there is no indication that Plaintiffs, but not Defendant, will have to pay a fee to initiate an arbitration

---

[2] Plaintiffs argument is that "an arbitration agreement is substantively unconscionable to the extent the insured is required to pay a fee to arbitrate (here, Plaintiffs' own choice and half of the third arbitrator).

9

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

proceeding. Rather, the arbitration clause provides that each side will pay for their own arbitrator, and split equally the cost of a third arbitrator. While Plaintiffs are required to spend money in order to arbitrate their claims, there is no fee imposed solely on one party as there was in Raymundo and Mantor.

Plaintiffs further argue that even though costs are split equally, the requirement is not truly mutual because of the "vast disparity between the parties' financial footing" along with Plaintiffs' "precarious position given Defendant's refusal to provide Policy benefits." Pl.'s Opp. Brief at 9. However, requiring that costs of arbitration be borne equally by the parties is not per se substantively unconscionable, even if one party is in a better financial position. See Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1284 (9th Cir. 2006) (rejecting contention that requirement that costs of arbitration be borne equally was substantively unconscionable, despite significantly stronger financial position of contract drafter).

Because the costs of arbitration are split equally in an appropriate manner, the arbitration clause does not unreasonably favor Defendant such that it creates an overly harsh result that shocks the conscience. The Court therefore finds that the arbitration clause in the Policy is not substantively unconscionable. Although there may be some level of procedural unconscionability present solely because the Policy is an adhesive contract, both substantive and procedural unconscionability must be present. The lack of substantive unconscionability means that the arbitration clause is not unconscionable.

### c. Whether arbitration shall be binding

Plaintiffs contend that even if the arbitration clause is found enforceable, the results of arbitration should not be binding on the parties. The Policy does not explicitly state that arbitration results shall be binding on the parties. Plaintiffs rely upon general contract law authorities to assert that the Policy's failure to affirmatively state that arbitration would be binding means that the parties did not agree that arbitration would be binding.

However, arbitration awards governed by the Convention are binding. Convention, art. III. Alternatively, Plaintiffs argue that the Policy is ambiguous as to whether arbitration will be

10
Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

binding.  Insurance policy language subject to more than one reasonable interpretation is generally construed in favor of the insured.  See MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 647 (2003).

To show that the Policy is ambiguous as to whether arbitration will be binding, Plaintiffs point to the Policy's service of suit clause, which allegedly contains language that would "lead a reasonable insured to expect plenary judicial attention on the merits."  Pl.'s Opp. Brief at 13.  However, nearly identical arguments were rejected in Boghos v. Certain Underwriters at Lloyd's of London, 36 Cal. 4th 495 (2005) and NS Holdings, 2010 WL 4718895.  In NS Holdings, the insurance contract contained a service of suit provision providing that "in the event of [the insurer's] failure to pay any amount claimed to be due hereunder, we, at your request, will submit to the jurisdiction of a court of competent jurisdiction within the United States."  The insurance contract's arbitration clause provided that "any controversy arising out of or relating to this Policy or its breach shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association."  The court, relying on Boghos, found that the arbitration clause did not conflict with the service of suit clause.  The service of suit clause merely required that the insurer submit to a court within the United States but did not prevent the insurer from asking the court to compel arbitration or enforce arbitration awards.

The Court finds that Boghos and NS Holdings are applicable to the instant case.  The service of suit clause in the Policy is no different from the service of suit clause in NS Holdings and the language appears mostly identical, requiring that Defendant submit to a court of competent jurisdiction within the United States.  When read in conjunction with the arbitration clause, the service of suit clause merely provides that Defendant will submit to a United States court but does not waive its right to compel arbitration or enforce an arbitration award.  Because the Policy is not ambiguous and does not provide for non-binding arbitration, the default rule (that arbitration is binding) applies here.

11
Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

**d. Whether the action should be stayed or dismissed**

Defendant requests that the action be stayed or dismissed. When claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete. 9 U.S.C. § 3. However, when all of the issues raised by a plaintiff must be submitted to arbitration, dismissal may be appropriate. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).

Although the claims in this case appear to be fully within the scope of the arbitration clause, Plaintiffs have not briefed the issue. The Court elects to stay, rather than dismiss, this action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration is GRANTED, Defendant's Motion to Stay Proceedings is GRANTED, and Defendant's Motion to Dismiss is DENIED. The clerk shall ADMINISTRATIVELY CLOSE this case, but this order does not preclude any party from moving to reopen this action, when appropriate.

**IT IS SO ORDERED**

Dated: January 13, 2014

_____
EDWARD J. DAVILA
United States District Judge

12

Case No.: 5:13-CV-02559-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION